**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br>           Plaintiff,<br><br>           v.<br><br>DONALD F. CHAMBERLIN, and<br>DAVID N. CHAMBERLIN<br>           Defendants.<br>_____/ | Case Number: 03-74983<br><br>Honorable Nancy G. Edmunds<br><br>Magistrate Judge Steven D. Pepe |

**REPORT AND RECOMMENDATION**

**I.    REPORT**

Final judgment was entered against Defendant Donald F. Chamberlin on July 27, 2006, in the amount of $3,017,315.57. This matter was referred to the undersigned for construction of a payment plan to be approved by the court.

Following two telephonic hearings the parties have agreed that a payment plan is not feasible at this time.[1] Instead, the parties have agreed that the court should chose a date certain by which the judgment should be paid, and, assuming the judgment is not paid, the government should be allowed pursue its ordinary course of collecting delinquent accounts. This will include but not be limited to referring the matter to the Treasury Department for inclusion in the Financial Management Service's Treasury Offset Program (TOP) as well as possible referral to a collection agency. This has been explained to Defendant Donald F. Chamberlin by his attorney

Through TOP any federal payments, including Defendant's social security income, can be offset against the judgment.    By way of example only, and not a condition of this Report and Recommendation: Defendant has estimated his monthly social security benefit at $1,500.

---

[1] At the present time Defendant Donald Chamberlin has represented that he has no liquid assets, earns a small salary and draws approximately $1,500 per month from social security. He has offered to pay $300 per month on the condition that the government cease any other collection efforts. The government insisted that any payment plan involving such a small monthly amount include an initial lump sum payment, which Defendant insists he is unable to make. Both parties felt unable to compromise these positions with respect to a payment plan.

31 C.F.R. § 285.4(e) dictates that TOP take the *lesser* of (i.) the amount of the debt, (ii.) 15% of the covered benefit, or (iii.) the amount, if any, by which the monthly amount exceeds $750. Therefore, based on Defendant's current social security benefit, TOP could collect 15% ( approximately $225) per month from Defendant from his social security benefits.  TOP could collect additional money from other federal payments if any become due to Defendant, and the government could still use other collection methods to attempt to collect the remaining amount.

## II.     RECOMMENDATION

IT IS RECOMMENDED that judgement enter with the full unpaid amount due on or before November 1, 2006. After this date Plaintiff will be able to pursue collection of the judgment if the judgment is not paid in full on or before that time.

Given the consensus of counsel at the second hearing, no objections to this Report and Recommendation are anticipated, but any objections must be filed within ten (10) days of its service.  28 U.S.C. § 636(b)(1); E.D. Mich. LR 72.1(d)(2).  Failure to file objections within the specified time constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Ivey v. Wilson*, 832 F.2d 950, 957-58 (6th Cir. 1987); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response.  The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the Court.  The response shall address specifically, and in the same order raised, each issue contained within the objections.

| | |
|---|---|
| Dated: September 30, 2006<br>Ann Arbor, Michigan | s/Steven D. Pepe<br>United States Magistrate Judge |

### Certificate of Service

I hereby certify that copies of this Order were served upon the attorneys of record by electronic means or U. S. Mail on September 30, 2006.

s/John Purdy<br>Deputy Clerk
